UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIA VITAL COMPONENTS CO., LTD., <br><br>Plaintiff, <br><br>v. <br><br>ASETEK DANMARK A/S, <br><br>Defendant. | Case No. 16-cv-07160-JST <br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** <br><br>Re: ECF No. 81 |

Plaintiff Asia Vital Components Co., Ltd. ("AVC") seeks "a declaratory judgment that U.S. Patent No. 8,240,362 ('the '362 Patent') and U.S. Patent No. 8,245,764 ('the '764 Patent') are invalid, unenforceable and not infringed by AVC." ECF No. 1 ¶ 1. AVC obtained new counsel on May 18, 2017. ECF No. 67. In light of this change, the Court granted the parties' stipulation to extend the deadline for AVC to serve its invalidity contentions from May 30 to June 30, 2017. ECF No. 70 at 2. AVC now seeks leave to amend its invalidity contentions. ECF No. 81.

**I.    LEGAL STANDARD**

Patent Local Rule 3-6 allows amendment "upon a timely showing of good cause." This inquiry "considers first whether the moving party was diligent in amending its contentions and then whether the nonmoving party would suffer prejudice if the motion to amend were granted. The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence." Radware Ltd. v. F5 Networks, Inc., No. C-13-02021-RMW, 2014 WL 3728482, at *1 (N.D. Cal. 2014) (internal quotation marks and citations omitted). The moving party must demonstrate both "(1) diligence in discovering the basis for amendment" and "(2) diligence in seeking amendment once the basis for amendment has been discovered." Positive

1 Techs., Inc. v. Sony Elecs., Inc., No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). If the moving party was not diligent, there is "no need to consider the question of prejudice." O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1368 (Fed. Cir. 2006).

## II. DISCUSSION

The parties characterize AVC's request somewhat differently. AVC argues that its "proposed Amended Invalidity Contentions merely adds one more reference" to U.S. Patent No. 6,019,165 ("the '165 Patent) and "now utilizes what was originally a secondary reference in . . . AVC's Initial Invalidity Contentions [Chinese Patent No. CN2562368Y ('the '368 patent')] as a primary reference." Defendant Asetek Danmark A/S notes that AVC's proposed amendments are actually much broader: they also include five new secondary references and thirty-four new positions based on 35 U.S.C. § 112. ECF No. 92 at 4. AVC's reply does not contest this characterization of its proposed amendments. See ECF No. 93. Asetek argues that AVC has not demonstrated good cause for the proposed amendments, that AVC has not been diligent, and that Asetek would be prejudiced if the amendments were allowed.

AVC asks that the Court find diligence based on "the volume of information AVC's counsel had to digest" in a short period of time. ECF No. 93 at 5. The Court is not persuaded by this argument. While the Court recognizes that AVC obtained new counsel on May 18, the stipulated extension gave counsel until June 30 – or 43 days later – to serve invalidity contentions. Under Patent Local Rule 3-3, a party must serve invalidity contentions no later 45 days after service of the opposing party's infringement contentions. Patent L.R. 3-3. Thus, AVC's new counsel had substantially the same amount of time to prepare invalidity contentions as any counsel would have had after receiving Asetek's infringement contentions.

More significantly, AVC was aware of the '368 patent and should have been aware of the '165 patent even prior to serving its original invalidity contentions. AVC included the '368 patent patent's as a secondary reference in its original invalidity contentions, and both patents-in-suit refer to the '165 patent. ECF No. 93 at 5. AVC also notes that, "[d]uring the prosecution of Asetek's '362 Patent, the examiner presented the '165 Reference as a bar to patentability." ECF

2

No. 81 at 5. Thus, the '165 patent was "straightforward to discover," and a diligent search would have uncovered its existence. Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc., No. 12-CV-03844-JST, 2014 WL 6879428, at *3 (N.D. Cal. Dec. 5, 2014) (finding that a diligent search would not "necessarily have uncovered" a patent where "there is no suggestion that this 1895 patent is well-known or otherwise should have been straightforward to discover"); see also Catch A Wave Techs., Inc. v. Sirius XM Radio, Inc., No. C 12-05791 WHA, 2014 WL 186405, at *2 (N.D. Cal. Jan. 16, 2014) (finding that a "diligent search would have revealed the Moose reference," which "is a patent issued in 1991, more than ten years before this action commenced," and where "the asserted patent on its face cites another patent which cites the Moose reference").

AVC argues that good cause for amendment exists because the '165 patent's "relevance did not become apparent until Asetek's counsel offered a construction of 'substantially circular passageway' that differed from AVC's understanding of the phrase," which caused AVC to "look[] at the '165 patent in a different light . . . . The same is true of AVC's decision to include the '368 reference as a primary reference and not simply a secondary reference, and its decision to include arguments concerning lack of written description and indefiniteness." ECF No. 93 at 5. However, a party cannot establish good cause for leave to amend when it had the relevant documents in its possession but "simply did not recognize [their] significance" until a later date. Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc., No. 12-CV-03844-JST, 2014 WL 5361643, at *3 (N.D. Cal. Oct. 20, 2014). Patent Local Rule 3-3 requires a party "to include in its invalidity contentions all prior art references of which it was aware and that it believed were relevant, regardless of whether subsequent events rendered those references more significant." MLC Intellectual Prop., LLC v. Micron Tech., Inc., No. 14-CV-03657-SI, 2016 WL 3648594, at *3 (N.D. Cal. July 6, 2016). Another court in this district rejected leave to amend in similar circumstances, when the defendant sought leave to include a reference of which it was previously aware, but which defendant argued "'only became relevant' as plaintiff's claim construction position expanded." Catch a Wave Techs., 2014 WL 186405, at *2. The court concluded:

> [T]he patent local rules in this district are clear. Invalidity contentions must identify "[t]he identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious."

3

> Rule 3-3(a). The rules do not state that defendants can limit themselves to only references they believe are relevant to plaintiff's read of the patent. Defendant could have (and perhaps should have) charted the reference but defendant did not. Defendant must now live with that choice.

Id. The Court sees no reason not to apply these same principles to documents of which a reasonable party performing a diligent search would have been aware, and not just to documents actually in that party's possession. Accordingly, AVC has not shown good cause for amending its invalidity contentions.

## CONCLUSION

For all of the above reasons, AVC's motion for leave to amend its invalidity contentions is denied.

**IT IS SO ORDERED.**

Dated: November 28, 2017

_____
JON S. TIGAR
United States District Judge