United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIA VITAL COMPONENTS CO., LTD., <br> Plaintiff, <br> v. <br> ASETEK DANMARK A/S, <br> Defendant. | Case No. 16-cv-07160-JST <br><br> **ORDER DENYING MOTION TO AMEND INVALIDITY CONTENTIONS** <br><br> Re: ECF No. 127 |

Before the Court is Plaintiff Asia Vital Components Co., Ltd.'s ("AVC") motion for leave to amend invalidity contentions. ECF No. 127. The Court issued a claim construction order on January 17, 2018. AVC now seeks to amend its invalidity contentions "to conform them generally to the Court's claim construction order" because the Court's claim constructions were "different from AVC['s] previous proposed constructions." *Id.* at 3.

## I. LEGAL STANDARD

Patent Local Rule 3-6 allows amendment "upon a timely showing of good cause." This inquiry "considers first whether the moving party was diligent in amending its contentions and then whether the nonmoving party would suffer prejudice if the motion to amend were granted. The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence." *Radware Ltd. v. F5 Networks, Inc.*, No. C-13-02021-RMW, 2014 WL 3728482, at *1 (N.D. Cal. 2014) (internal quotation marks and citations omitted). The moving party must demonstrate both "(1) diligence in discovering the basis for amendment" and "(2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs.*, Inc., No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). If the moving party was not diligent, there is "no need to consider the question of

1  prejudice." *O2 Micro Int'l Ltd. v. Monolithic Power Sys.*, Inc., 467 F.3d 1355, 1368 (Fed. Cir. 2006).

## II. DISCUSSION

Asetek's first ground for opposing AVC's motion is that AVC has not been diligent. This ground is dispositive of the motion.

AVC contends that "the Court construed certain claim terms which are different from AVC's proposed interpretation" and "based on the issued claim construction order, AVC has been diligent in reexamining the prior art." ECF No. 127 at 3-4. Asetek argues that AVC "cannot establish diligence by asserting an unexpected claim construction because the Court's constructions closely track the parties' proposals from their joint statement without any material modification." ECF No. 133 at 10.

Local Patent Rule 3-6 lists "claim construction by the Court different from that proposed by the party seeking amendment" as a "[n]on-exhaustive example[] of [a] circumstance[] that may, absent undue prejudice to the non-moving party, support a finding of good cause." However, many judges in this district have determined that "where the court adopts the opposing party's proposed claim construction, the moving party's diligence, without which there is no good cause, is measured from the day the moving party received the proposed constructions, not the date of issuance of the Court's claim construction opinion." *Word to Info Inc. v. Facebook Inc.*, No. 15-CV-03485-WHO, 2016 WL 6276956, at *4 (N.D. Cal. Oct. 27, 2016), *aff'd*, 700 F. App'x 1007 (Fed. Cir. 2017) (internal quotation marks and citation omitted). On the other hand, several courts in this district have also "rejected the date-of-disclosure rule and have instead measured diligence from the date of the claim construction order." *Id.* "While courts in this district have not applied a uniform rule, review of all of the cases reveals that, regardless of the rule applied, diligence determinations are necessarily fact intensive inquiries and must be determined based on the individual facts of each case." *Id.*

Courts often follow the "date-of-order" rule when the court adopts its own construction. *See Word to Info Inc.*, 2016 WL 6276956, at *4; *GPNE Corp. v. Apple Inc.*, No. 12-CV-02885-LHK-PSG, 2013 WL 6157930, at *1 (N.D. Cal. Nov. 22, 2013). Here, the Court adopted Asetek's

2

proposed construction for four terms. *See* No. 105. The Court adopted AVC's proposed construction for one term. *See id.* The Court adopted a combination of both parties proposed constructions for two terms.[1] *See id.* As to those two terms, however, the Court will still measure AVC's diligence from the date it received Asetek's constructions, because the Court did not significantly or materially modify the parties' proposed terms. The Court simply combined parts of each party's proposed constructions. *See Word to Info Inc.*, 2016 WL 6276956, at *5 (finding that a modification to a proposed construction was not material because the ultimate construction excluded certain language from the proposal "but did not add, alter, or delete any limitations"); *Swanson v. ALZA Corp.*, No. C 12-4579 PJH, 2014 WL 4441161, at *2 (N.D. Cal. Sept. 9, 2014) (noting that deleting a limitation from a proposed construction did significantly modify that construction).

Under the "date-of-disclosure" rule, AVC's obligation to diligently pursue amendment was triggered on August 18, 2017 when Asetek disclosed its proposed claim constructions to AVC. ECF No. 133 at 6, 11. AVC did not file its motion for amendment until May 18, 2018 – nine months after Asetek initially disclosed its proposed constructions. ECF No. 127. AVC has not been diligent. See *Word to Info Inc.*, 2016 WL 6276956, at *6 (collecting cases where courts have found that a three to fourth month delay in amending contentions is not diligent).

Even if the Court had found it was proper for AVC to wait until the Court's claim construction order before seeking amendment, it would still find that AVC was not diligent. The Court issued its claim construction order on January 17, 2018. ECF No. 105. AVC did not provide its proposed amendments to Asetek until April 11, 2018 and did not file the instant motion until May 18, 2018. ECF Nos. 137; 133 at 6. While there might be cases in which taking four months to file a motion for amendment shows diligence, that is not the case here: as discussed above, the Court's constructions were not new to the parties and as AVC concedes, the

---

[1] AVC proposed that "substantially circular passageway" should be construed as "passage with a circular exterior" while Asetek proposed "generally circular opening." ECF No. 105 at 8. The Court construed the term as "generally circular passageway." *Id.* at 9. The Court used this construction to construe "substantially circular passageway positioned on the horizontal wall" as "generally circular passageway positioned on the horizontal wall." *Id.* at 10-11.

3

amendments are not based on newly discovered prior art. ECF No. 134 at 6. *See Twilio, Inc. v. TeleSign Corp.*, No. 16CV06925LHKSVK, 2018 WL 732723, at *6 (N.D. Cal. Feb. 6, 2018) (finding that two to three months was not diligent when "the term is not new and the art is not newly discovered"); *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 789197, at *3 (N.D. Cal. Feb. 26, 2014) (finding that Sequenom filed to establish diligence after waiting almost three months to file a motion to amend invalidity contentions after the court's claim construction order); *EON CorpIP Holdings LLC v. Aruba Networks Inc.*, No. 12-CV-01011-JST, 2013 WL 6001179, at *2 (N.D. Cal. Nov. 12, 2013) ("Three months is beyond whatever time should have been required to prepare these amendments, especially where the Court's claim construction order adopted constructions that did not substantially differ from those that Defendants had been urging for nearly a year.").

AVC contends that it was diligent because it provided the claim construction to its experts on February 1, 2018, and arranged a meeting with the experts on March 22, 2018. ECF No. 134 at 7-8. AVC does not adequately explain why it waited two weeks to provide the claim construction order to the experts and almost another two months to arrange a meeting, especially given that AVC knew that the court might adopt some of Asetek's proposed constructions "and in light of the fact that under the Local Rules a party generally has only 45 days from receipt of the patentee's infringement contentions to prepare and serve its invalidity contentions." *Verinata Health*, WL 789197, at *3 (citing N.D. Cal. Pat. L.R. 3–3). In short, even when measuring from the date of the Court's claim construction order, AVC has not established diligence.

Because AVC cannot establish diligence, the Court need not address prejudice. *O2 Micro*, 467 F.3d at 1368 ("Having concluded that the district court could properly conclude that O2 Micro did not act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice.").

/ / /

/ / /

/ / /

/ / /

4

AVC's motion to amend its invalidity contentions is denied.

**IT IS SO ORDERED.**

Dated: June 25, 2018

_____
JON S. TIGAR
United States District Judge