UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIA VITAL COMPONENTS CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>ASETEK DANMARK A/S,<br><br>Defendant. | Case No. 16-cv-07160-JST<br><br>**ORDER GRANTING MOTION TO STRIKE**<br><br>Re: ECF Nos. 165, 172, 173 |

Before the Court is Defendant Asetek Danmark A/S's ("Asetek") motion to strike portions of Plaintiff Asia Vital Components Co., Ltd.'s ("AVC") expert report regarding the alleged invalidity of the patents-in suit, U.S. Patents Nos. 8,240,362 ("the '362 patent") and 8,245,764 ("the '764 patent"). ECF No. 165. The Court will grant the motion.

**I.   BACKGROUND**

This case concerns two patents, held by Asetek, that describe a liquid cooling device for the central processing unit of a computer. AVC brought this declaratory judgment suit against Asetek, seeking a judgment that the '362 patent and the '764 patent are invalid, unenforceable, and not infringed by AVC. ECF No. 1 at 1-2. Asetek counterclaimed that the AVC products-at-issue infringe certain claims from the patents-in-suit. ECF No. 73 at 8-20.

The specifications of the '362 and '764 patents are similar, but the patents are neither directly related nor identical. ECF No. 86 at 7.

**A.   AVC's Invalidity Contentions**

Pursuant to Patent Local Rule 3-3, AVC served its invalidity contentions on June 27, 2017. *See* ECF No. 165-1 ¶ 6; ECF No. 165-2 (AVC's Invalidity Contentions). AVC alleged that claims 1-19 of the '362 patent and claims 1-18 of the '764 patent were invalid under 35 U.S.C. § 102

because they were anticipated by U.S. Patent No. 6,477,270 ("the '270 patent" or "Schmidt"). ECF No. 165-2 at 4-38. AVC also alleged that claims 1-19 of the '362 patent and claims 1-18 of the '764 patent were invalid under 35 U.S.C. § 103 because they were obvious in light of various combinations of prior art. *Id.* at 39-115. More specifically, AVC contended that Schmidt "combined with" various prior art references, "and/or" various other prior art references, rendered the '362 patent and '764 patent obvious. *Id.* at 39-40, 77-78. Among those other prior art references was Chinese Patent No. 2562368Y ("the '368 patent" or "Yu").

### B. AVC's Motions to Amend Its Invalidity Contentions

On September 15, 2017, AVC moved for leave to amend its invalidity contentions, seeking to add a new patent as an anticipation reference and to reclassify Yu as a primary anticipation and obviousness reference. ECF No. 81 at 2. The Court denied the motion because AVC had not demonstrated good cause for failing to include those references in its original invalidity contentions. *See* ECF No. 100.

The Court issued its claim construction order on January 17, 2018. ECF No. 105. Five months later, on May 18, 2018, AVC again moved for leave to amend its invalidity contentions. ECF No. 127. AVC sought to substitute Yu for Schmidt as a primary anticipation and obviousness reference, and to add three new patents as prior art references. *See id.* at 3. The Court again denied AVC's motion for leave to amend, finding that AVC had not been diligent. ECF No. 139.

### C. AVC's Expert Report

AVC served its invalidity expert report, authored by Dr. Yogendra Joshi, on August 24, 2018. *See* ECF No. 165-1 ¶ 3; ECF No. 165-4 (Joshi Report on '362 patent); ECF No. 165-5 (Joshi Report on '764 patent). Joshi opined that claims 1, 3, 5-7, 9, 13-15, and 17-19 of the '362 patent are obvious and that claims 1-30 of the '764 patent are obvious as well. ECF No. 165-3 at 9.[1] As relevant here, Joshi based some of those opinions on obviousness combinations in which Yu was the primary reference and Schmidt was not included. *See* ECF No. 165-4 at 4-5; ECF No.

---

[1] Joshi's report did not state that any prior art anticipated either the '362 or '764 patents.

2

165-5 at 5-7.

## II. LEGAL STANDARD

This district's Patent Local Rules "requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006). Pursuant to Patent Local Rule 3-3, a party's invalidity contentions must contain: (a) "[t]he identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious"; (b) "[w]hether each item of prior art anticipates each asserted claim or renders it obvious," and "[i]f obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness"; (c) "[a] chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found"; and (d) "any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims." Patent L.R. 3-3(a)-(d).

"Any invalidity theories not disclosed pursuant to Local Rule 3–3 are barred . . . from presentation at trial (whether through expert opinion testimony or otherwise)." *Takeda Pharm. Co. v. TWi Pharm., Inc.*, No. 13-CV-02420-LHK, 2015 WL 1227817, at *3 (N.D. Cal. Mar. 17, 2015) (quoting *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11–CV–5341–YGR, 2014 WL 690161, at *1 (N.D. Cal. Feb. 21, 2014)). Thus, "a party may not use an expert report to introduce new infringement theories, new infringing instrumentalities, new invalidity theories, or new prior art references not disclosed in the parties' infringement contentions or invalidity contentions." *ASUS Computer Int'l v. Round Rock Research*, LLC, No. 12-CV-02099 JST (NC), 2014 WL 1463609, at *1 (N.D. Cal. Apr. 11, 2014).

## III. DISCUSSION

Asetek moves to strike three sets of invalidity theories from Joshi's report: (1) obviousness of claims 19-30 of the '764 patent; (2) obviousness of '362 patent and '764 patent claims based on Yu as a primary reference; and (3) that Yu alone discloses a "reservoir" having an "upper" /

3

"pump" chamber and a "lower" / "thermal exchange" chamber. The Court addresses each issue in turn.

### A. Obviousness of Claims 19-30 of '764 Patent

Asetek moves to strike Joshi's opinions as to the obviousness of claims 19-30 of the '764 patent on the grounds that AVC's invalidity contentions did not raise any allegations as to the invalidity of those claims. ECF No. 165 at 11.

The Court agrees that AVC did not allege obviousness of those claims. AVC's invalidity contentions allege that claims 1-18 of the '764 patent are obvious based on various combinations of prior art, but do not address claims 19-30. *See* ECF 165-2 at 77-115. The invalidity contentions also contain a chart setting forth an invalidity theory that claims 1-18 of the '764 patent are anticipated by Schmidt, *id.* at 20-38, but nowhere address claims 19-30.

AVC counters that it preserved an obviousness theory as to claims 19-30, pointing to the following statement in its obviousness contentions: "[AVC] believes each prior art reference cited in this claim chart invalidates the claims of the patents-in-suit via *anticipation* under 35 U.S.C. § 102." *Id.* at 78 (emphasis added). Putting aside that this statement refers to anticipation rather than obviousness, AVC's argument is still meritless because Local Rule 3-3 requires parties to allege with specificity their invalidity contentions for "each asserted claim." Patent. L.R. 3-3(a), (b), (c). Accordingly, a party cannot rely on prior art asserted against one claim in its invalidity contentions to support an invalidity theory against a different claim in an expert report. *MediaTek Inc.*, 2014 WL 690161, at *4 ("The argument that the citation of Bhuyan in connection with Claim 1 should suffice for dependent Claim 5 as well is wholly without merit. Local Rule 3–3(c) required Freescale to chart separately for each claim the prior art references it would assert for invalidity."). Indeed, the only case AVC cites in support of this argument, which is not from this district, actually *excluded* the challenged expert testimony for similar reasons. *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. CIV.A. 9:06-CV-151, 2009 WL 5842062, at *3 (E.D. Tex. Mar. 30, 2009) ("Claims are not interchangeable, and the fact that Applied has, for example, asserted one combination against claim 1 of one patent in its Invalidity Contentions and asserts the same combination for the first time against claim 2 of the same patent in its expert reports, does

4

1    not mean Tyco is not prejudiced.").

Moreover, Local Rule 3-3 requires "an explanation of why the prior art renders the asserted claim obvious" and "where and how in each alleged item or prior art each limitation of each asserted claim is found." Patent. L.R. 3-3(b), (c). Even if AVC had stated that each prior art reference rendered each one of claims 19-30 obvious, it would still have fallen far short of the rule's requirements.

The Court strikes from Joshi's report all opinions on the obviousness of claims 19-30 of the '764 patent.

### B. Obviousness Based on Yu as a Primary Reference

Next, Asetek moves to strike those obviousness opinions that use Yu as a primary reference. ECF No. 165 at 12. Asetek emphasizes that the invalidity contentions cite only Schmidt as a primary reference and that the Court has twice denied AVC's leave to amend to add Yu as a primary reference. *Id.* Alternatively, Asetek argues, the charts for AVC's obviousness invalidity contentions do not sufficiently support the Yu-based obviousness combinations analyzed in Joshi's report. *Id.* at 12-13.

AVC responds that, notwithstanding its prior attempts to amend, its invalidity contentions set forth Yu as a primary reference all along. ECF No. 172 at 10. AVC also argues that its charts adequately disclosed the basis for those theories because the charts cited all of the pages and figures of Yu on which Joshi relies. *Id.* at 11.

As to Asetek's first argument, AVC points to its statement that "each prior art reference [including Yu] invalidates the claims of the patents-in-suit via anticipation." ECF No. 172 at 10 (quoting ECF No. 165-2 at 78). AVC posits that, because a prior art reference can only anticipate a claim by disclosing all of the claim's limitations, this statement necessarily alleged that all of the prior art references, including Yu, were a primary reference. ECF No. 172 at 10. AVC's contention has no support in the text of the Local Rules, and at least one court in this district has already rejected an identical argument. *See ASUS*, 2014 WL 1463609, at *10 ("Because ASUS's Invalidity Contentions only disclose Dodd, Delaluz, and Volk as anticipation references, the Court strikes the portions of Baker's report that use those references in obviousness combinations.").

Moreover, ASUS's blanket statement was insufficient to disclose Yu as an anticipation reference in the first place. The only prior art for which AVC charted an anticipation theory was Schmidt. *See* ECF No. 165-2 at 4, 20. Accordingly, AVC's invalidity contentions do not support an anticipation theory for Yu or any other prior art references besides Schmidt. *See Takeda*, 2015 WL 1227817, at *4 ("[T]he Court strikes the anticipation theory because the Invalidity Contentions did not disclose where [the prior art] teaches *each* limitation of the asserted claims."); *ASUS*, 2014 WL 1463609, at *9 (striking expert report's anticipation opinion where the invalidity contentions did "not list [the prior art] as a reference for each claim limitation"). Because AVC did not raise an anticipation theory for Yu, the foundational premise of its argument collapses.

AVC also suggests that, although it identified Schmidt as its only primary reference, its invalidity contentions did not foreclose the possibility of using Yu or another prior art as a primary reference. ECF No. 172 at 10. Courts within this district have generally approved a grouping approach to obviousness combinations, under which "a party need not list every combination of prior art when the theory of obviousness *is the same for each and every possible combination of prior art*." *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG(DMR), 2017 WL 235049, at *6 (N.D. Cal. Jan. 19, 2017) (emphasis added); *Keithley v. The Homestore.com, Inc.*, 553 F. Supp. 2d 1148, 1150 (N.D. Cal. 2008) (same); *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04 05385 JW HRL, 2007 WL 951818, at *4 (N.D. Cal. Mar. 28, 2007) (same); *but see Sick A.G. v. Omron Sci. Techs. Inc.*, No. C 06-2028 CW (MEJ), 2007 WL 1223675, at *2 (N.D. Cal. Apr. 24, 2007) (requiring party to "explicitly identify each combination of prior art that allegedly renders a claim obvious and the motivation for combining the items"). However, the underlying theory in cases permitting such grouping is that the party "claimed that the theory of obviousness was true for every possible combination within [each] group[]." *Keithley*, 553 F. Supp. 2d at 1150 (citing *Avago*, 2007 WL 951818, at *4).

Here, AVC did not claim that any possible combination of its nine prior art references rendered each claim of the patents-in-suit obvious. Rather, AVC stated that Schmidt could be "combined with" any number of eight "secondary" references. ECF No. 165-2 at 39-40, 77-78. This did not indicate that those "secondary" references could be combined without Schmidt. Nor

does AVC identify any discussion in its claim charts that would give notice of a combination that did not include Schmidt. Because AVC structured its invalidity contentions such that Schmidt was part of every combination, the logical inference was that AVC was not asserting combinations consisting of Yu as a primary reference and without Schmidt. *See Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2015 WL 757575, at *29 (N.D. Cal. Feb. 20, 2015) ("By asserting only that 'Bottum and Hollenberg' together could be used in these combinations to invalidate claims 1 and 35, Motorola effectively indicated that Bottum alone could not accomplish the same.")[2]; *cf. Altera Corp. v. PACT XPP Techs., AG*, No. 14-CV-02868-JD, 2015 WL 3830982, at *3 (N.D. Cal. June 19, 2015) ("[I]f Altera selects only the obviousness combination A+B+C, it cannot later assert a subset of that combination before the factfinder."). The Court notes that another court in this district recently declined to strike obviousness combinations where the expert report had "flipped" the primary and secondary references, although both references were still present in the challenged combinations. *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2018 WL 3646842, at *2 (N.D. Cal. Aug. 1, 2018). The Court finds *Karl Storz* distinguishable because the invalidity contentions there still "include[d] the specific combinations referenced in the [challenged] report," as well as the asserted theories of obviousness. *Id.*

Furthermore, the Court must assess the sufficiency of AVC's grouping approach through the lens of the overall fairness and efficiency of the litigation. *See Fujifilm*, 2015 WL 757575, at *3, 29. The history of this case reinforces the propriety of striking the challenged combinations. AVC twice moved to amend its invalidity contentions to add Yu as a primary reference. *See* ECF Nos. 81, 127. In making these motions, AVC effectively represented that there was a meaningful difference between Yu as a secondary reference and Yu as a primary reference. In addition, the orders denying these motions quite reasonably gave Asetek the impression that Yu would not be used as a primary reference going forward in the litigation. It would defeat the purpose of Local

---

[2] Although the *Fujifilm* court drew this inference, it did not strike the challenged combinations from the expert report because subsequent amendments to invalidity contentions put the other party on notice of the new combinations. 2015 WL 757575, at *29. As explained herein, the procedural history of this case supports the opposite outcome.

7

Rule 3-6 and undermine the meaning and effect of the Court's prior orders to allow AVC to bring these combinations into the case at this juncture. The Court can only hope that the litigation over Yu as a primary reference has reached its endpoint.

The Court therefore strikes from Joshi's report all opinions on obviousness based on Yu as a primary reference. Because the Court strikes these opinions based on the invalidity contentions' failure to fairly disclose these combinations, the Court does not reach Asetek's alternative argument that the challenged opinions are not sufficiently supported by the claim charts.

### C. Opinions that Yu Discloses a Reservoir or Chambers

Finally, Asetek moves to strike Joshi's opinions that Yu alone discloses a discloses a "reservoir" having an "upper" / "pump" chamber and a "lower" / "thermal exchange" chamber. ECF No. 165 at 13-14. Asetek stresses that the discussion of Yu in the invalidity contentions "centers on Yu's alleged disclosure of a fan, pump motor, and fluid circulation mechanism" and "did not disclose which elements/parts of the Yu device allegedly correspond to the claimed 'reservoir'" possessing those features. *Id.*

AVC concedes that its invalidity contentions did not assert that Yu alone disclosed these claim limitations, but it argues that Joshi's opinions are permissible because they are based on the same portions and figures of Yu that were cited in the claim charts. ECF No. 172 at 12.

Local Rule 3-3(c) requires, however, that the invalidity contentions state "where specifically in each alleged item of prior art *each limitation* of each asserted claim is found." Patent L.R. 3-3(c) (emphasis added). Accordingly, where an expert report opines that prior art teaches additional limitations not identified in the invalidity contentions, "these are new invalidity theories that were not properly disclosed" and are properly struck. *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 4100638, at *7 (N.D. Cal. Aug. 20, 2014); *see also Largan Precision Co, Ltd. v. Genius Elec. Optical Co.*, No. 13-CV-02502-JD, 2014 WL 6882275, at *4-5 (N.D. Cal. Dec. 5, 2014) (same).

Accordingly, the Court strikes from Joshi's report all opinions that Yu alone discloses a "reservoir" having an "upper" / "pump" chamber and a "lower" / "thermal exchange" chamber.
/ / /

## CONCLUSION

For the foregoing reasons, the Court grants Asetek's motion to strike in full.

**IT IS SO ORDERED.**

Dated: October 11, 2018

JON S. TIGAR
United States District Judge