UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ASIA VITAL COMPONENTS CO., LTD., <br> Plaintiff, <br> v. <br> ASETEK DANMARK A/S, <br> Defendant. | Case No. 16-cv-07160-JST (RMI) <br><br> **ORDER ON DISCOVERY LETTER BRIEF** <br> Re: Dkt. No. 196 |

Before the court is a Joint Discovery Letter Brief (Doc. 196) in which Asetek Danmark A/S ("Asetek") requests that the court strike 21 deposition errata submitted by Asia Vital Components Co., LTD. ("AVC"). The matter came on for hearing on January 4, 2019. For the reasons that follow, the court will grant Asetek's request.

AVC submitted several errata sheets following the depositions of Dr. Chiang, Mr. Huang, and Mr. Lin. Asetek seeks to strike only 21 of the changes made in the errata sheets based on Asetek's allegations that the 21 changes are substantive and contradictory in nature. Asetek argues that the changes, which for example would change the answer to a question from "Yes," to "No. 'Yes' was referring to AVC America," were made "to change sworn testimony that AVC provides assistance to its customers in the United States, and thereby limit AVC's infringement liabilities." (Doc. 196) at 1.

AVC counters by arguing that "[b]ecause those portions of the deposition have not been submitted to the Court as part of the record for any motion and the deadline for dispositive motions has passed, simply put, 'there is nothing to strike.'" *Id*. at 196 (quoting *Torres v. Mercer Canyons, Inc.*, 2015 WL 12868078 *1 (E.D. Wash. 2015)). AVC does admit however that at least one of the proposed

changes, labeled Huang, 107:8, was cited by Asetek in their motion for summary judgment, but argues that the change does not contradict the deposition testimony and instead, clarifies it. *Id*.

"Rule [30(e)] cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination." *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005). "[AVC] argues that *Hambleton* should be construed narrowly and applied only in the summary judgment context, where substantive changes to a deposition transcript might be used as a "sham" to create an issue of fact." *Teleshuttle Techs. LLC v. Microsoft Corp.*, No. C04-02927 JW(HRL), 2005 WL 3259992, at *2 (N.D. Cal. Nov. 29, 2005). "But '[e]ven where changes to a deposition transcript are not used as a sham to create an issue of fact [in the context of a motion for summary judgment], Rule 30(e) may only be used for corrective, and not contradictory, changes.'" *Lee v. The Pep Boys-Manny Moe & Jack of California*, No. 12-CV-05064-JSC, 2015 WL 6471186, at *2 (N.D. Cal. Oct. 27, 2015) (quoting *Lewis v. The CCPOA Ben. Trust Fund*, No. C-08-03228-VRW (DMR), 2010 WL 3398521, at *3 (N.D. Cal. Aug. 27, 2010).

The question then becomes whether the changes are contradictory and should be stricken. The court finds that they are. Some are more obvious, such as the change from "yes" to "no," "i.e., the 'paradigmatic example' of contradiction." *The Pep Boys*, 2015 WL 6471186, at *2. While others, with a slight change in a name (changing all mentions of "AVC's Freemont" to "AVC America Freemont") or a change from "shipped" to "sold," or "ship" to "sell," or simply a deletion of any answer, appear to support Asetek's assertions that the changes were made "to limit AVC's exposure in the United States by, for example, presenting AVC's offices in Fremont as belonging to a separate entity—"AVC America," altering customer names, shipping location (from U.S. to Hong Kong), and the names of the products sold in the U.S., and changing "shipped" to "sold" so that AVC can attempt to escape liability due to importation of the accused AVC products into the U.S." (Doc. 196) at 2. Regardless of AVC's intent, the changes are indeed contradictory.

//

//

Accordingly, the Motion to Strike the 21 entries in the errata sheets as identified in the Letter Brief is GRANTED.

**IT IS SO ORDERED.**

Dated: January 10, 2019

ROBERT M. ILLMAN
United States Magistrate Judge